IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMC ELECTRONIC MATERIALS, INC., | No. C 01-4925 SBA |
| Plaintiff, | (*Related to Case No. C 05-2133*) |
| v. | **ORDER** |
| MITSUBISHI MATERIALS SILICON CORPORATION, et al., | [Docket Nos. 481, 482, 483] |
| Defendants. | |

On December 14, 2001, Plaintiff MEMC Electronic Materials, Inc. filed a complaint against Defendants alleging that Defendants directly infringed U.S. Patent No. 5,919,302 ("the '302 patent") and induced infringement of the patent under 25 U.S.C. § 271(b).

On March 16, 2004, this Court granted Defendants' motion for summary judgment of zero damages and specifically found that Defendants were not liable for either direct infringement or inducement of infringement. Plaintiff subsequently appealed.

On August 22, 2005, the Federal Circuit issued its decision on the appeal and held that this Court did not err when in granted summary judgment on the issue of direct infringement. However, the Federal Circuit held that this Court did err when it granted summary judgment with respect to inducement of infringement because it found that there were genuine issues of material fact with respect to whether SUMCO induced infringement of the '302 patent on the part of Samsung Austin. Accordingly, the Federal Circuit remanded the case to this Court for further proceedings.

On September 22, 2005, the parties participated in a Case Management Conference. The Court issued its Pretrial Scheduling Order ("Pretrial Order") on September 26, 2005. In the Pretrial Order, the Court scheduled the case for a March 13, 2006 trial. Additionally, the motion hearing cutoff date was scheduled for January 24, 2006.

On October 19, 2005, Defendants re-noticed for hearing the following motions Defendants

previously filed in December 2003 and April 2004: (a) Defendants' Motion for Summary Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,919,302; (b) Defendants' Motion for Summary Judgment of Zero Damages; and (c) Defendants' Motion to Exclude Expert Reports and Testimony of Plaintiff's Expert Luciano Mule'Stagno and to Preclude Plaintiff's Infringement Claims. The motions were noticed for a January 10, 2006 hearing.

On October 20, 2005, Defendants filed an Administrative Motion to Change Trial Date. In the Administrative Motion, Defendants request a continuation of the trial date for sixty to ninety days because it "appears likely or possible that the Court may not decide [Defendants'] motions in time to avoid costly pretrial preparation and even trial." Defendants also indicate that the "[l]imited discovery is underway and will end by November 22, 2005" regarding the issues raised in Defendants' motions. Defendants further state that the motions must be heard after discovery is complete.

On October 25, 2005, Plaintiff filed its opposition to Defendant's Administrative Motion. In the opposition, Plaintiff objects to Defendants' attempt to "re-notice" certain motions that this Court has already ruled on. Plaintiff also states that a continuation of the trial date is unnecessary.

Having considered Defendants' Administrative Motion, and the reasons set forth therein, the Court finds that Defendants have not demonstrated the existence of good cause warranting a continuance of the March 13, 2006 trial date. This Court specifically discussed scheduling issues with the parties at the September 22, 2005 Case Management Conference and, based on that discussion, determined that the case could be effectively resolved with a January 24, 2006 hearing cutoff date and a March 13, 2006 trial. Defendants have not identified a single event that has occurred since the September 22, 2005 Case Management Conference that would alter this Court's conclusion that the dates set forth in the current Pretrial Order are reasonable and feasible. Further, the Court finds that Defendants' timing concerns regarding the Court's ability to resolve the pending motions by the earliest possible date is best addressed by a modification of the parties' briefing schedule, not a continuance of the trial date.

Additionally, the Court notes that, due to the procedural posture of this case, Defendants' attempt to merely "re-notice" certain motions that were fully briefed and adjudicated over one year ago unnecessarily creates confusion and ambiguity concerning the issues and papers that are properly before the Court.

Accordingly,

IT IS HEREBY ORDERED THAT Defendants' Administrative Motion to Change Trial Date is DENIED.

IT IS FURTHER ORDERED THAT Defendants' "Re-Notice" of Defendants' Motion for Summary Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,919,302, Defendants' "Re-Notice" of Defendants' Motion for Summary Judgment of Zero Damages, and Defendants' "Re-Notice" of Defendants' Motion to Exclude Expert Reports and Testimony of Plaintiff's Expert Luciano Mule'Stagno and to Preclude Plaintiff's Infringement Claims [Docket Nos. 481, 482, 483] are STRICKEN.  To the extent that Defendants wish to reassert any of these motions, Defendants are hereby granted leave to file new motions, with the appropriate supporting memoranda and declarations, **on or before November 4, 2005**.  The motions shall be noticed for a January 10, 2006 hearing date.

IT IS FURTHER ORDERED THAT Plaintiff shall file its oppositions to Defendants' motions **on or before December 6, 2005** and Defendants shall file their reply briefs, if any, **on or before December 13, 2005.**  Thereafter, the motions will be taken under submission.  The Court may, in its discretion, adjudicate the motions without a hearing.  If the Court determines that a hearing on any of the motions is necessary, the Court will keep the January 10, 2006 hearing on calendar and will contact the parties no later than January 5, 2006 to inform them that they will be required to appear at the January 10, 2006 hearing.  The parties may not alter the briefing schedule set forth herein without prior leave of Court.

IT IS FURTHER ORDERED THAT the parties shall specifically state that this case is related to Case No. C 05-2133 in the caption of all documents filed with the Court.

IT IS SO ORDERED.

Dated: 10/27/05

SAUNDRA BROWN ARMSTRONG
United States District Judge