IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMITOMO MITSUBISHI SILICON CORPORATION, et al., | No. C 05-2133 SBA <br> (*Related to Case No. C 01-4925*) |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 63] |
| MEMC ELECTRONIC MATERIALS, INC., | |
| Defendant. | |

This matter comes before the Court on MEMC Electronic Materials, Inc.'s Motion for Separate Trial and Deferred Discovery [Docket No. 63]. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. The Court hereby DENIES MEMC Electronic Materials, Inc.'s Motion for Separate Trial and Deferred Discovery.

## BACKGROUND

On July 13, 2004, Plaintiffs Sumitomo Mitsubishi Silicon Corporation and SUMCO USA Corporation (collectively, "SUMCO") filed suit in the United States District Court for the District of Delaware against MEMC Electronic Materials, Inc. ("MEMC" or "Defendant").

On October 5, 2004, SUMCO filed a First Amended Complaint against MEMC. In the First Amended Complaint, SUMCO alleges that MEMC has engaged in certain anti-competitive conduct, including but not limited to: (a) accumulating a large number of patents for the purpose of creating an all-encompassing anti-competitive patent domain; (b) intentionally failing to disclose material prior art to the United States Patent and Trademark Office ("PTO"); (c) enforcing United States Patent No. 5,919,302 (the "'302 Patent") in bad faith; and (d) threatening to file additional seriatim patent infringement suits with respect to other MEMC patents that emanate from the '302 Patent. The following causes of action are asserted against MEMC: (1) Attempted Monopolization; (2) Declaratory Judgment of Patent Non-Infringement; (3) Declaratory Judgement of Patent Invalidity; (4) Declaratory Judgment of Patent Unenforceability; and (5) Patent Misuse.

On March 31, 2005, the Delaware Court granted MEMC's Motion to Transfer. The case was subsequently transferred to this district pursuant to 28 U.S.C. § 1404(a).

On October 24, 2005, MEMC filed the instant Motion for Separate Trial and Deferred Discovery on SUMCO's Claim of Attempted Monopolization.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).

In deciding whether separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, "the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *See In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2388 (1971)). Bifurcation is not an abuse of discretion if interests favor such separation and the issues are clearly separable. *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.*

In addition to having the discretion to bifurcate issues for trial, the district court also has broad discretion to control the course of discovery. *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir. 1985). Even when bifurcation of issues for trial is appropriate, a stay of discovery may be denied if the stay would result in unnecessary inefficiency. *Accord Dentsply Int'l, Inc. v. New Tech. Co.*, 1996 U.S. Dist. LEXIS 19846 * 6 (D. Del. 1996).

## ANALYSIS

In its Motion for Separate Trial and Deferred Discovery, MEMC asks the Court to enter an order setting the trial on SUMCO's patent claims to occur separate and apart from, and prior to, the trial on SUMCO's antitrust claim. MEMC also requests that the Court order a stay on all discovery relating to SUMCO's antitrust claim until SUMCO's patent claims are resolved. MEMC contends that its Motion is

warranted under Federal Rule of Civil Procedure 42(b) because bifurcation of the patent and antitrust issues would further the interests of judicial economy. Specifically, MEMC argues that SUMCO's antitrust claim is wholly dependent upon its ability to prove the patent claims asserted in the Amended Complaint, as well as its ability to successfully defend against certain patent claims being asserted by MEMC against SUMCO in another related case[1] currently pending before this Court. Thus, according to MEMC, permitting the parties to resolve the "less complex" patent issues first would potentially obviate the need for the parties and the Court to spend time on "exhaustive additional discovery, [and] costly economic analysis" relating to SUMCO's antitrust claim.

SUMCO vigorously opposes MEMC's Motion and the Court finds its arguments to be persuasive. First and foremost, SUMCO notes that, should MEMC prevail on its Motion, the earliest date SUMCO could even start any discovery on its antitrust claim would be the end of 2007, and thus the trial on the antitrust claim would be delayed until at least 2008. Such a delay would decidedly *not* further the interests of judicial economy *or* provide for an efficient resolution of this case. *See, e.g., Vitronic Corp. v. Conceptronic, Inc.*, 1993 WL 300882 *2 (D.N.H. 1993) ("The court is not persuaded that a second phase of discovery and trial on a claim which will nonetheless require resolution independent from that required for infringement liability will result in the most efficient just final disposition of the litigation."). A delay would also unfairly prejudice SUMCO because, as SUMCO points out, it could result in the loss or spoliation of evidence.[2] Additionally, SUMCO notes that there are numerous witnesses who are likely to be witnesses to both the patent issues and the antitrust issues. Given that some of these witnesses reside in Japan and Korea, it would be far less burdensome on both the witnesses and the parties for the parties to depose the witnesses on all of the issues at the same time. *Accord THK America, Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 463, 465 (N.D. Ill. 1991) (noting that bifurcation would impose a twofold increase in expenses for both parties due to the fact that many

---

[1] The '302 Patent is at issue in Case No. C 01-04925 SBA, which is set for trial in March 2006. Several dispositive motions are also scheduled to be heard by this Court in Case No. C 01-04925 in January 2006.

[2] This argument is not purely speculative, as SUMCO identifies witnesses and evidence that may be lost in the event of a delay. Specifically, a former Vice President of MEMC, John DeLuca, has recently retired from MEMC. Additionally, the Texas Pacific Group, the entity that acquired a majority interest in MEMC in 2000, has announced that it will be selling its remaining stock interest in MEMC in 2006.

3

witnesses were located in Japan). Further, allowing discovery to proceed on all of the claims asserted in the Amended Complaint would significantly reduce the potential for time-consuming and expensive discovery disputes as to whether the particular discovery is directed toward the patent or the antitrust claims. *Accord Dentsply*, 1996 U.S. Dist. LEXIS 19846 at * 6. Last, the prospect of settlement is more likely to be enhanced – rather than hindered – by full and unified discovery because it will allow the parties to become better informed about the strengths and weaknesses of their respective positions on the *entire* case.

Significantly, MEMC does not respond to any of the arguments set forth in SUMCO's opposition brief, but instead persistently clings to its belief that pursuit of the antitrust claim at this juncture is an unnecessary waste of time and resources because once the patent claims are resolved, SUMCO's antitrust claim necessarily fails. This argument, however, does not compel the conclusion that the Court should bifurcate the antitrust and patent claims at this stage in the litigation. Indeed, the opposite is true. Since many of the issues relating to the '302 Patent may be resolved after the completion of Case No. C 01-04295 SBA in March 2006, or could be resolved upon summary judgment in this case, the parties will have ample opportunity to appropriately narrow the issues prior to trial. However, if, at the time of trial, it appears that it would be most efficient and expeditious to try the claims separately, MEMC is hereby granted leave to re-file its motion for a bifurcated trial. Thus, for the above stated reasons, the Court hereby DENIES the Motion for Deferred Discovery WITH PREJUDICE and DENIES the Motion for Separate Trial WITHOUT PREJUDICE.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT MEMC's Motion for Separate Trial and Deferred Discovery [Docket No. 63] is DENIED. The request for deferred discovery is DENIED WITH PREJUDICE. The request for a separate trial is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED THAT the December 6, 2005 Case Management Conference is VACATED. The parties shall appear for a telephonic Case Management Conference on **Wednesday, January 25, 2006 at 3:00 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date

1 | and time.
2 |      IT IS SO ORDERED.
3 |
4 | Dated: 12/5/05                             SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

**United States District Court**
For the Northern District of California