IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMC ELECTRONIC MATERIALS, INC., | No. C 01-4925 SBA |
| | (*Related to Case No. C 05-2133*) |
| Plaintiff, | |
| v. | **ORDER** |
| MITSUBISHI MATERIALS SILICON CORPORATION, et al., | [Docket No. 554] |
| Defendants. | |

On December 6, 2005, Plaintiff filed a Motion for Summary Judgment Against Defendants' Invalidity Defense and a Motion for Summary Judgment Against Defendants for Active Inducement of Infringement Under 35 U.S.C. § 271(B). Also on December 6, 2005, Plaintiff filed an Ex Parte Application for Order Shortening Time for Hearing on Plaintiff's Motion for Summary Judgment Against Defendants' Invalidity Defense and Plaintiff's Motion for Summary Judgment Against Defendants for Active Inducement of Infringement Under 35 U.S.C. § 271(B) ("Ex Parte Application") [Docket No. 554]. In the Ex Parte Application, Plaintiff requests that the Motion for Summary Judgment Against Defendants' Invalidity Defense and the Motion for Summary Judgment Against Defendants for Active Inducement of Infringement Under 35 U.S.C. § 271(B) be set for a January 10, 2006 hearing, to coincide with the hearing on certain motions already filed by Defendants in the above-captioned case, including Defendants' Motion for Summary Judgment of Non-Infringement and Invalidity of US Patent No. 5,919,302.

On December 7, 2005, Defendants filed an Opposition to Plaintiff's Ex Parte Application. In the Opposition, Defendants note that Plaintiff's Ex Parte Application is in direct violation of this Court's prior orders regarding the scheduling of this case. Defendants also point out that Plaintiff has failed to provide the Court with

any reason why it did not provide prior notice to the Court or to Defendants that it intended to file these motions for summary judgment.

The Court agrees with Defendants that the timing of Plaintiff's summary judgment motions is questionable. Indeed, the Court is very troubled by the fact that Plaintiff has not provided *any* explanation as to why it waited until December 6, 2005 to file these motions. However, the Court finds that the interests of fairness are not served by granting Defendants' request to strike the summary judgment motions. The Court also finds that the interests of judicial economy favor a combined hearing on all of the pending motions.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Ex Parte Application [Docket No. 554] is GRANTED. Plaintiff's Motion for Summary Judgment Against Defendants' Invalidity Defense and Plaintiff's Motion for Summary Judgment Against Defendants for Active Inducement of Infringement Under 35 U.S.C. § 271(B) shall be heard on January 10, 2006 at 1:00 p.m. The Court may, in its discretion, adjudicate the motions without a hearing, in which case the clerk will notify the parties that no appearance is necessary.

IT IS FURTHER ORDERED THAT the following briefing schedule applies:

1. Defendants shall file their oppositions to Plaintiff's Motion for Summary Judgment Against Defendants' Invalidity Defense and Plaintiff's Motion for Summary Judgment Against Defendants for Active Inducement of Infringement Under 35 U.S.C. § 271(B) **on or before December 19, 2005.**

2. Plaintiff shall file its reply briefs, if any, **on or before December 23, 2005.**

IT IS FURTHER ORDERED THAT the parties may NOT file any further motions in this case and may NOT modify the briefing schedule set forth herein without seeking prior leave of Court. Further, except as expressly set forth herein, this Order does not alter any other deadlines previously set by this Court.

Additionally, Plaintiff is hereby admonished for failing to comply with this Court's prior orders and the Court's standing orders. Such conduct is not condoned by this Court and any future violations of the Court's orders WILL result in an order to show cause why sanctions should not issue.

IT IS SO ORDERED.

*Saundra B Armstrong*

1 | Dated: 12/7/05                                      SAUNDRA BROWN ARMSTRONG
United States District Judge