Robert B. Morrill  (SBN 35488)
Edward V. Anderson (SBN 083148)
Matthew T. Powers  (SBN 124493)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Telephone:  (415) 772-1200
Facsimile:  (415) 397-4621
Email: rmorrill@sidley.com
Email: evanderson@sidley.com
Email: mpowers@sidley.com

R. Terrance Rader (*Pro Hac Vice*)
David T. Nikaido (*Pro Hac Vice*)
Glenn E. Forbis (*Pro Hac Vice*)
Linda D. Mettes (*Pro Hac Vice*)
RADER, FISHMAN & GRAUER PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI  48304
Telephone:  (248) 594-0600
Facsimile:  (248) 594-0610
Email: rtr@raderfishman.com
Email: dtn@raderfishman.com
Email: gef@raderfishman.com
Email : ldm@raderfishman.com

Attorneys for Plaintiffs
SUMCO and SUMCO USA Corporation

Igor Shoiket (SBN 190066)
Paul F. Kirsch (SBN 127446)
TOWNSEND AND TOWNSEND AND
CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: ishoiket@townsend.com
Email: pkirsch@townsend.com

Robert M. Evans, Jr. (*Pro Hac Vice*)
David W. Harlan (*Pro Hac Vice*)
Marc W. Vander Tuig (*Pro Hac Vice*)
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
Telephone: (314) 231-5400
Facsimile: (314) 231-4342
Email: revans@senniger.com
Email: mvandertuig@senniger.com
Email: dharlan@senniger.com

Attorneys for Defendant
MEMC Electronic Materials, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUMITOMO MITSUBISHI SILICON CORPORATION, aka SUMCO, a corporation of Japan and SUMCO USA CORPORATION, a Delaware corporation, ) ) ) ) | No. C 05-02133 SBA (JCS) Related w/Case No. C 01-04925 SBA (JCS) |
| Plaintiffs, ) ) ) | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. ) ) | |
| MEMC ELECTRONIC MATERIALS, INC., a Delaware corporation, ) ) ) | |
| Defendant. ) ) ) | |

Plaintiffs Sumitomo Mitsubishi Silicon Corporation, aka SUMCO, SUMCO USA Corporation and Defendant MEMC Electronic Materials, Inc. (collectively, "the Parties") stipulate to the following Protective Order to apply to documents and information produced or disclosed in this case:

## PROCEDURE AND DEFINITIONS

**1.     CONFIDENTIAL INFORMATION**

The Parties or third-party discovery respondents may designate as "Confidential," by stamping or other appropriate means, any document or information produced in accordance with the federal discovery rules or by agreement, including, without limitation, interrogatory answers, initial and supplemental disclosures, responses to document requests and requests for admission, deposition transcripts and exhibits, pleadings, motions, briefs, affidavits, declarations and any other discovery and disclosure made in this litigation containing sensitive proprietary information (collectively, "Confidential Information").   Confidential Information is also specifically intended to include information informally produced, shown or made available for review by the parties or their counsel, including but not limited to any demonstration of either party's products, facilities, processes, or business records so long as the material is designated as being Confidential Information pursuant to this Order.

**2.     ACCESS TO CONFIDENTIAL INFORMATION**

Confidential Information so designated, and information derived therefrom, shall not be disclosed, made available to or used by anyone except the persons specified below, and by these persons solely for purposes of this litigation and not for any business or other purpose.  For the purpose of this paragraph, the term "this litigation" includes dealings between a producing party and an insurer or other third-party having an actual or potential obligation to indemnify or defend the producing party.

        a.     Upon compliance with paragraph 6 of this Protective Order, officers, directors, and employees of the Parties, to whom the disclosure of Confidential Information is necessary for purposes of this litigation;

1

1    b.    Trial Attorneys for the Parties (i.e., attorneys of record with the Court in this

2 litigation) and their employees involved in the conduct of this litigation to whom disclosure of

3 "Confidential" information is necessary for purposes of this litigation;

4    c.    In-house counsel and associated legal personnel, such as paralegals, legal

5 assistants, and administrative assistants for the Parties;

6    d.    The Court and its personnel in any proceedings in this lawsuit;

7    e.    Upon compliance with paragraph 6 of this Protective Order, experts and

8 consultants retained by any of the Parties to whom disclosure of Confidential Information is

9 necessary for purposes of this litigation;

10    f.    Third-party court reporting services, third-party duplicating, document

11 handling and/or imaging services;

12    g.    Any person who was involved in the preparation of the document or who

13 lawfully received or reviewed it; and

14    h.    Upon compliance with paragraph 6 of this Protective Order, any other person

15 to whom disclosure of "Confidential" information is necessary for purposes of this litigation, with

16 the express written consent of the Parties or by an order of the Court permitting such disclosure, such

17 order being obtained on noticed motion (or on shortened time as the Court may allow).

18    **3.    CONFIDENTIAL — ATTORNEYS' EYES ONLY INFORMATION**

19    The Parties or any third-party discovery respondent also may designate as "Confidential —

20 Attorneys' Eyes Only," by stamping or other appropriate means, any Confidential Information

21 containing highly sensitive proprietary, development or inventive work, financial, marketing or trade

22 secret information, or any other material that the producing Party reasonably believes would cause

23 severe competitive damage if it were to be disclosed to another party.

24    **4.    ACCESS TO CONFIDENTIAL — ATTORNEYS' EYES ONLY**

25 **INFORMATION**

26

27

28

2

Information designated as "Confidential — Attorneys' Eyes Only" shall not be disclosed, made available to, or used by anyone except the persons specified below, and by these persons solely for the purposes of this litigation and not for any business or other purpose:

    a.    Trial Attorneys for the Parties (i.e., attorneys of record with the Court in this litigation) and their employees involved in the conduct of this litigation to whom the disclosure of "Confidential — Attorneys' Eyes Only" information is necessary for purposes of this litigation;

    b.    In-house counsel and associated legal personnel, such as paralegals, legal assistants, and administrative assistants for the Parties;

    c.    Upon compliance with paragraph 6 of this Protective Order, experts and consultants retained by any of the Parties to whom the disclosure of "Confidential — Attorneys' Eyes Only" information is necessary for purposes of this litigation;

    d.    The Court and its personnel in any further proceedings in this lawsuit;

    e.    Any person who was involved in the preparation of the document or who lawfully received or reviewed it;

    f.    Third-party court reporting services, third-party duplicating, document handling and/or imaging services; and

    g.    Upon compliance with paragraph 6 of this Protective Order, any other person to whom disclosure of "Confidential — Attorneys' Eyes Only" information is necessary for purposes of this litigation, with the express written consent of the Parties or by an Order of the court permitting such disclosure, such order being obtained on noticed motion (or on shortened time as the Court may allow).

**5.    TIME FOR MAKING CONFIDENTIAL DESIGNATIONS**

Designation of any Confidential Information as "Confidential" or "Confidential — Attorneys' Eyes Only" must be made before a copy of the Confidential Information is produced by one party to another party.

Inadvertent failure to designate discovery material(s) as "Confidential" or "Confidential — Attorneys' Eyes Only" at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Order as if they

3

1   initially had been designated as "Confidential" or "Confidential — Attorneys' Eyes Only" provided

2   that there shall be no sanction for any use of disclosure of such material prior to designation.  The

3   inadvertent disclosure shall not be deemed a waiver, in whole or in part, of the claim of

4   confidentiality, either as to the specific discovery material(s) disclosed or as to any other discovery

5   material(s) relating thereto or in the same or related subject matter.

6        In the case of deposition transcript pages, the designating party either may state on the record

7   that the testimony is "Confidential" or "Confidential — Attorneys' Eyes Only," or may advise

8   opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar

9   days after receipt of the transcript of the deposition.  Until the expiration of the 20-day period, the

10  entire transcript and its exhibits will be treated as "Confidential — Attorneys' Eyes Only."  Unless

11  designated in accordance with this paragraph, any confidentiality is waived unless otherwise

12  remedied, stipulated, or ordered.

13       When designation of material as "Confidential" or "Confidential — Attorneys' Eyes Only" is

14  done at a deposition, the following procedures shall be followed:  the reporter shall, on a separate

15  page at the beginning of the transcript, identify the portion(s) of the transcript by page and by line

16  that the designating Party asserts is "Confidential" or "Confidential — Attorneys' Eyes Only"

17  material.  The reporter shall also designate within the transcript the beginning and the end of any

18  testimony that should be treated as "Confidential" or "Confidential — Attorneys' Eyes Only"

19  material.  The court reporter shall label and segregate in a separate envelope any exhibits any party

20  asserts is "Confidential" or "Confidential — Attorneys' Eyes Only" material.  This envelope shall be

21  attached to the deposition transcript.  After the court reporter has served the transcript on the parties,

22  the discovery material shall be treated as "Confidential" or "Confidential — Attorneys' Eyes Only"

23  material.

24                          **CONSENT TO BE BOUND**

25       **6.     NOTICE OF ORDER**

26       Each person described in paragraph 2(a), (e) and (h), and in paragraph 4(b) and (f), above, to

27  whom "Confidential" or "Confidential — Attorneys' Eyes Only" material is disclosed, shall be

28  advised of the existence of this Order and shall be bound by the restrictions contained herein.  Before

4

1    disclosing any "Confidential" or "Confidential — Attorneys' Eyes Only" material to any such

2    person, discovering counsel shall advise said person of this Order and said person must agree in

3    writing or, if during deposition or trial, orally on the record to all the provisions of the non-

4    disclosure agreement attached hereto as Exhibit A.

5         Each party shall maintain a file containing such certification and upon request, serve those

6    certifications on the requesting party within fourteen (14) days of such request, except outside

7    experts or consultants.  As to outside experts or consultants, such certifications shall be served upon

8    disclosure of outside experts or consultants.

9                              **CHALLENGE TO DESIGNATIONS**

10        **7.       NOTIFICATION AND CHALLENGE**

11        If any of the Parties challenges the confidentiality designations of any "Confidential" or

12   "Confidential — Attorneys' Eyes Only" information, the party challenging the confidentiality

13   designation may seek appropriate relief from the Court upon notice of at least ten (10) calendar days

14   to all interested parties.  The party claiming confidentiality will have the burden of proving that the

15   challenged confidentiality designation is appropriate in the circumstances.  All interested parties will

16   make best efforts to resolve such disagreements as to confidentiality before submitting them to the

17   Court.

18        **8.       EFFECT ON RESTRICTIONS**

19        If a motion challenging a confidentiality designation is filed, the provisions of this Protective

20   Order will apply to the "Confidential" or "Confidential — Attorneys' Eyes Only" information until

21   the motion is decided.

22                                **OTHER PROVISIONS**

23        **9.       FILING UNDER SEAL**

24        Any party seeking to file any documents with the Court that contain "Confidential" or

25   "Confidential — Attorneys' Eyes Only" information shall seek an Order, pursuant to Local Rule 79-

26   5, that such document be filed under seal and shall bear a legend referring to this Protective Order

27   and indicating that the information may not be accessed by anyone other than necessary Court

28   personnel without order of the Court or written stipulation of the parties.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**CASE NO. C 05-02133 SBA (JCS), RELATED CASE NO. C 01-04925 SBA (JCS)**

To the extent "Confidential" or "Confidential — Attorneys' Eyes Only" material is filed with the Court prior to trial, such "Confidential" or "Confidential — Attorneys' Eyes Only" material shall be delivered to the court enclosed in a sealed envelope bearing the caption of this action, and indication of the nature of the contents, and the following legend:

–**Confidential**

**This envelope contains documents or information designated "Confidential" [or "Confidential — Attorneys' Eyes Only"] pursuant to an order issued by this court in the above-captioned action, on (date of order).  This envelope shall not be opened or unsealed other than by a judge of this court or at his or her express direction, and its contents shall not be displayed or revealed except as the court may order.–**

Any court hearing or proceeding in which "Confidential" and/or "Confidential — Attorneys' Eyes Only" information is submitted shall, in the Court's discretion, be held *in camera*.

**10.   THIRD-PARTY DEPOSITION TESTIMONY/PRODUCTION OF DOCUMENTS**

Any third-party providing deposition testimony or producing documents or things for use in this action may designate such information, documents or things as "Confidential" or "Confidential — Attorneys' Eyes Only" information and avail itself of all provisions of this Protective Order to the same extent as a party to this action.

**11.   RETURN OF DOCUMENTS**

Upon completion of the litigation, and if requested by the producing party, the original and all copies of documents containing "Confidential" or "Confidential — Attorneys' Eyes Only" information must either be returned to counsel for the producing party or be destroyed.  The non-producing Parties must provide to counsel for the producing party a certificate reflecting such disposition.  The Parties and their counsel will not be required to return any document that contains their privileged communications or attorney work product, but, if such documents are not returned or destroyed, must continue to comply with the requirements of this Order.

6

### 12.    SCOPE OF PROTECTIVE ORDER

Nothing in this Protective Order restricts any of the Parties from using or disclosing its own "Confidential" or "Confidential — Attorneys' Eyes Only" information for any purpose.

Such disclosure, if done under conditions of confidentiality, shall not waive the protection of this Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it. This Protective Order also does not apply to information that was lawfully in the possession of a Party, a third-party or in the public domain before the date of entry of this Protective Order or that is put in the public domain through no fault of a Party after the entry of this Protective Order.

### 13.    ADMISSIBILITY AT TRIAL; NON-WAIVER OF OBJECTIONS OR PRIVILEGES

Nothing in this Order affects the admissibility of any documents, testimony, or other evidence at trial or restricts the use of information at trial.  Any party who intends to use "Confidential" or "Confidential — Attorneys' Eyes Only" material that were designated as such by another party at trial shall give the designating party reasonable notice of the intention to use such "Confidential" or "Confidential — Attorneys' Eyes Only" material so that the designating party has a reasonable opportunity to request that such "Confidential" or "Confidential — Attorneys' Eyes Only" material be filed under seal in accordance with paragraph 9 and any other applicable court rules and procedures.

Notwithstanding the foregoing provisions, this Order shall not be constructed as a waiver of any objections or privilege.  By making any "Confidential" or "Confidential — Attorneys' Eyes Only" material available during the course of this litigation, the Parties do not waive any trade secrets or other confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any discovery material(s) "Confidential" or "Confidential — Attorneys' Eyes Only," the Parties do not acknowledge that any such discovery material is relevant or discoverable in this action.  Nothing in this Order affects, in any way, the admissibility of any documents, testimony, or other evidence at trial.

7

1      All parties participated in the drafting of this Order and it shall not be interpreted

2   against any party.

3      **14.    RETENTION OF JURISDICTION**

4      The Parties and any other person subject to the terms of this Protective Order agree that this

5   Court has and retains jurisdiction during and after this action is terminated for the purpose of

6   enforcing this Protective Order.

7      **15.    APPLICATION TO COURT**

8      This Protective Order is without prejudice to the right of any interested party to apply to the

9   Court for an order permitting the disclosure of any "Confidential" or "Confidential — Attorneys'

10  Eyes Only" information or to apply for an order modifying or limiting this Protective Order in any

11  respect.

12  Dated: June 30, 2006                    SIDLEY AUSTIN LLP

13                                          By:___s/ Edward V. Anderson_____
                                               Robert B. Morrill (SBN 035488)
14                                             Edward V. Anderson (SBN 083148)
                                               Matthew T. Powers (SBN 124493)
15                                             SIDLEY AUSTIN LLP
                                               555 California Street
16                                             San Francisco, California 94104
                                               Telephone: (415) 772-1200
17                                             Fax: (415) 397-4621

18

19                                             R. Terrance Rader (Pro Hac Vice)
                                               David T. Nikaido (Pro Hac Vice)
20                                             Glenn E. Forbis (Pro Hac Vice)
                                               Linda D. Mettes (Pro Hac Vice)
21                                             RADER, FISHMAN & GRAUER PLLC
                                               39533 Woodward Ave., Suite 140
22                                             Bloomfield Hills, MI  48304
                                               Tel.: (248) 594-0600
23                                             Fax: (248) 594-0610

24                                             Attorneys for Plaintiffs
                                               SUMCO and SUMCO USA Corporation

25

26

27

28

8

Dated: June 30, 2006                  TOWNSEND AND TOWNSEND AND CREW LLP

By:      s/with consent of Marc W. Vander Tuig
      Igor Shoiket (SBN 190066)
      Paul F. Kirsch (SBN 127446)
      Two Embarcadero Center, 8th Floor
      San Francisco, CA 94111
      Telephone: (415) 576-0200
      Facsimile: (415) 576-0300
      Email: ishoiket@townsend.com
      Email: pkirsch@townsend.com

      Robert M. Evans, Jr. (*Pro Hac Vice*)
      Marc W. Vander Tuig (*Pro Hac Vice*)
      David W. Harlan (*Pro Hac Vice*)
      SENNIGER POWERS
      One Metropolitan Square, 16th Floor
      St. Louis, MO 63102
      Tel.: (314) 231-5400
      Fax: (314) 231-4342

      Attorneys for Defendant
      MEMC Electronic Materials, Inc.

**ORDER**

IT IS SO ORDERED.

Dated this __18th__ day of __July_____, 2006.

Hon. Joseph C. Spero
United States Magistrate Judge

---

9

EXHIBIT A — UNDERTAKING

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    In the past four years I have been employed by or acted as a consultant for the following companies in the following general fields of technology:

a.   _____

b.   _____

c.   _____

d.   _____

e.   _____

5.    I have received a copy of the Protective Order in the matter of Sumitomo Mitsubishi Silicon Corporation, aka SUMCO and SUMCO USA Corporation v. MEMC Electronic Materials, Inc., United States District Court for the Northern District of California at Oakland, Civil Case No. C 05-02133 SBA, signed by United States District Court Judge on _____, 2006.

6.    I have carefully read and understand the provisions of the Protective Order.  I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any information designated "Confidential" or "Confidential — Attorneys' Eyes Only" or any words, substances, summaries, abstracts, or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**CASE NO. C 05-02133 SBA (JCS), RELATED CASE NO. C 01-04925 SBA (JCS)**

1       7.    I hereby consent to be subject to personal jurisdiction of the United States District Court

2   for the Northern District of California at Oakland in respect to any proceeding relating to the

3   enforcement of the Protective Order, including any proceedings relating to contempt of Court.

4

5   Dated: _____     Signature:_____

6

7                                   _____
                                             Print Name

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**CASE NO. C 05-02133 SBA (JCS), RELATED CASE NO. C 01-04925 SBA (JCS)**